```
                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                         AT ROANOKE, VA
                                                              FILED

                                                         NOV 30 2006
       IN THE UNITED STATES DISTRICT COURT
     FOR THE WESTERN DISTRICT OF VIRGINIA           JOHN F. CORCORAN, CLERK
                 ROANOKE DIVISION                   BY:
                                                         DEPUTY CLERK
```

| | |
|---|---|
| DON MCKINNEY, | ) |
|     Petitioner, | ) Civil Action No. 7:06-cv-00702 |
| v. | ) MEMORANDUM OPINION |
| UNNAMED RESPONDENT, | ) By: Hon. James C. Turk |
|     Respondent. | ) Senior United States District Judge |

Petitioner Don McKinney, proceeding pro se, submitted a pleading that he styles as a motion, but which the court construes as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner McKinney challenges the validity of his confinement in a mental health facility under an involuntary commitment order. Upon consideration of the petition, the court is of the opinion that McKinney's pleading should be construed as a § 2254 petition, challenging the validity of his current confinement, and that the action should be dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases,[1] as McKinney offers no evidence whatsoever that he has exhausted state court remedies as to any challenge he may have concerning the validity of his current confinement.

I.

According to McKinney's allegations, in 1994, the Circuit Court for Wise County found McKinney not guilty by reason of insanity (NGRI) on two state criminal charges. Since that time, McKinney has remained involuntarily committed to a mental health institution. He complains that he has been confined far longer than he would have been if the court had found him guilty of the

---

[1] A petition may be dismissed under Rule 4 if it is clear from the petition that the petitioner is not entitled to relief.

1

1994 charges. In his current petition, McKinney seeks (1) to plead guilty to the 1994 charges, (2) to be sentenced to the two, one-year terms of confinement that the judge would have imposed if McKinney had been found guilty in 1994, and (3) to be released immediately, because he has been confined much longer than two years.

II.

When a defendant in Virginia is found not guilty by reason of insanity, he is committed involuntarily to the custody of the Commissioner of Mental Health of Mental Retardation ["the Commissioner"], pursuant to Virginia Code § 19.2-182.2, et. seq. Every year for the first five years and at biennial (two year) intervals thereafter, the committed person is to be scheduled for a court review of the continuation of his confinement. § 19.2-182.5.

Evidently, at each of his review hearings, the court has found McKinney unsuitable for release and has renewed his commitment to the custody of the Commissioner. Accordingly, he is no longer confined on the original commitment that stemmed from the court's 1994 NGRI finding. Instead, he is now confined under the most recent decision that his confinement should be continued based on his mental health state. Thus, to the extent he wishes to file a federal court challenge to the validity of his current confinement, he must demonstrate some constitutional defect in the most recent commitment proceedings. As his petition does not allege any such defect, McKinney fails to state any ground on which he is entitled to the relief he seeks.

Even assuming that McKinney's complaints about the 1994 proceedings could have some bearing on his suitability for release from involuntary commitment in 2005, he offers absolutely no indication that he has ever presented his current claims to a state court as part of a challenge to the most recent court order of involuntary commitment. His failure to present these claims to the

Supreme Court of Virginia as required for exhaustion of state court remedies mandates summary dismissal of his petition without prejudice by this court. Slayton v. Smith, 404 U.S. 53 (1971). An appropriate final order will be entered this day.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

ENTER: This 30th day of November, 2006.

*[signature]*
Senior United States District Judge